UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:20-bk-03560 |
| LG ORNAMENTALS, LLC, | ) Chapter 11 |
| | ) Judge Marion F. Harrison |
| Debtor. | ) |

**OBJECTION OF MILESSA THOMAS TO CONFIRMATION
OF THE LG ORNAMENTALS, LLC PROPOSED CHAPTER 11 PLAN**

COMES NOW Milessa Thomas, a creditor and party-in-interest in the above-captioned case, by and through her attorneys, and objects to confirmation LG Ornamentals, LLC's proposed Chapter 11 Plan. In support of this Objection, Milessa Thomas would show the Court:

1. Milessa Thomas ("Ms. Thomas") is an unsecured creditor of LG Ornamentals, LLC, ("Debtor"). Thomas has filed a Proof of Claim in the amount of $500,000.00. [Claim 2].

2. Per the information provided in the Debtor's Voluntary Petition and Schedules [Doc. 1], Thomas asserts that the Debtor's plan was filed in bad faith, proposes to pay creditors less than they would receive under a Chapter 7 liquidation, and does not propose to pay all disposable income during the commitment period to the payment of unsecured claims.

3. It is readily apparent that Debtor filed a Chapter 11 bankruptcy for the sole reason of attempting to discharge debts that would be nondischargeable under a Chapter 7 filing.

4. Ms. Thomas further opposes the plan as both the petition and the plan have been filed in bad faith. Debtor has undervalued assets, proposes to underpay creditors, and is attempting to seek shelter from valid, reprehensible tort claims.

5. Ms. Thomas provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed within thirty (30) days by Ms. Thomas against Debtor for numerous claims, including sexual harassment, retaliation, and intentional infliction of emotional distress.

1

6. Creditor Cassie Burton ("Ms. Burton") also provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed imminently by Ms. Burton against Debtor for numerous claims, including unlawful interception, intrusion upon seclusion, appropriation of name or likeness, and defamation.

7. These collective civil claims arise from Debtor's long history of unwanted sexual advances and sexual harassment of female employees employed by Debtor.

8. Ms. Burton worked for Debtor as an office administrator and throughout her employment, Debtor repeatedly coerced Ms. Burton into sexual actively in the workplace. On August 15, 2019, Debtor set up a recording device inconspicuously in the back room of his office located at 3941 Stewarts Lane in Nashville, Tennessee. The device recorded both audio and video, and Debtor initiated the recording. Several minutes after initiating the recording, Ms. Burton entered the back room with the device hidden in it while the device recorded. Without informing Ms. Burton of the device to gain her consent, Debtor proceeded with sexual advances and engaged in intercourse while the device recorded. After having intercourse, Ms. Burton left the office still without seeing the device. Debtor then stopped the recording of the device. Furthermore, at some point during her employment with Debtor, Ms. Burton became pregnant and informed Debtor of this news. Debtor insisted that Ms. Burton abort the pregnancy and stated to her that there was no avenue for her to keep her job if she would not have the abortion. Ms. Burton proceeded with the abortion against her better judgment. Ultimately, Ms. Burton left Debtor's employment in September 2019.

9. Debtor hired Ms. Thomas as his office manager in October 2019. On or about October 21, 2019, Debtor provided Ms. Thomas with a work iPhone. The device Ms. Thomas received had no saved photos or videos except for one – a sexually explicit video created on August

15, 2019, showing Debtor setting up a recording device in the back office of 3941 Stewarts Lane, exiting to the room momentarily, then returning accompanied by a female employee. Debtor and the female employee preceded to have intercourse on an air mattress, all of which is captured by the recording device. Then, on October 23, 2019, Ms. Thomas began receiving sexually explicit text messages on her personal cell phone from an unknown number, starting with a picture of an erect penis purporting to belong to Debtor. The text messages stated, in part, "This is your new bosses cock. I use to work for him"; "But damn he is big…"; "I understand girl, I man gave me the best dick I've ever had, he beat it up for me;" "If you're single I'd be trying to get some of that if I were you"; "he's just a great guy…with a horse cock ha." On October 25, 2019, Ms. Thomas confronted Debtor concerning the sex video on her work iPhone and the sexually explicit text messages sent to her personal cell phone. Debtor immediately became hostile and terminated Ms. Thomas' employment.

10. Simply put, Debtor has filed this bankruptcy petition to act as a shield to prevent Ms. Thomas and other victims from filing a lawsuit against him for his willful and malicious conduct.

11. Debtor testified under oath during the August 27, 2020, Meeting of Creditors for Livingscapes, LLC, that the only reason for filing for Chapter 13 was due to Ms. Thomas and Ms. Burton's civil claims.

12. Debtor's proposed Plan proposes to pay unsecured creditors far less than they would receive under a Chapter 7 liquidation in violation of 11 U.S.C. § 1325(a)(4).

13. Under the terms of the Plan, the Debtor proposes to pay $0.00 to Creditor Thomas upon confirmation. There is no other provision in the Plan for payments to Creditor Thomas.

14. Creditor Thomas also objects to the Plan because it does not comply with the "best interests of creditors" test contained in 11 U.S.C. § 1129(a)(7). Creditor Thomas will not receive under the Plan property of a value that is not less than the amount that it would so receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan. Creditor Thomas asserts that the Debtor has substantially undervalued the liquidation value of certain property of the estate.

15. Creditor Thomas also objects to the Plan on the grounds that it does not meet the requirement of 11 U.S.C. § 1129(a)(11) that confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

16. This Court has already made factual findings that it is impossible to determine whether the Debtor's statements and schedules are accurate. *See* attached **Exhibit "A"** for excerpt of March 15, 2021 <u>Objection to Confirmation of Plan</u> and <u>Motion to Dismiss for Failure to Confirm Plan</u>, pp. 198, 17-18. Considering that this is a Chapter 11 Debtor in Possession case, and the Debtor is in the position of a fiduciary, with the rights and powers of a Chapter 11 Trustee, and it requires the Debtor to perform of all but the investigative functions and duties of a Trustee. These duties, set forth in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, include accounting for property, examining and objecting to claims, and filing informational reports as required by the court and the U.S. trustee or bankruptcy administrator, such as monthly operating reports. 11 U.S.C. §§ 1106, 1107; Fed. R. Bankr. P. 2015(a). Creditor Thomas objects to the Plan on the grounds Debtor has breached his fiduciary duty by making post-petition purchases of stock and continuing to make charges to his American Express accounts without authority.

17. Debtor's proposed Plan should not be confirmed as a result.

**WHEREFORE**, based on the foregoing, Melissa Thomas objects to the confirmation of the Debtor's proposed Chapter 11 Plan and asserts that the Chapter 11 case should be dismissed. In the alternative, Creditor Thomas prays for an evidentiary hearing before this Court to determine Debtor's liability and valuation of Creditor Thomas' claims against Debtor.

Respectfully Submitted:

/s/ Paul Moser          /
Paul Moser, BPR# 022205
5505 Edmondson Pike Ste 11,
Nashville, TN 37211-6750
615-662-3697
paul.moser.esq@gmail.com
*Attorney for Milessa Thomas*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served via the Court's electronic case filing and noticing system on this 20th day of September 2021, to Debtor's Counsel, Steven L. Lefkovitz, the Chapter 7 Trustee, Robert H. Waldschmidt, and all parties registered to received electronic notices in this matter, and by United States Mail, first class, postage prepaid.

/s/ Paul Moser
Paul Moser