UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:20-bk-03560 |
| **LG ORNAMENTALS, LLC**, ) | Chapter 11 |
| ) | Judge Marion F. Harrison |
| **Debtor.** ) | |

**OBJECTION OF CASSIE BURTON TO CONFIRMATION
OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN**

COMES NOW Cassie Burton, a creditor and party-in-interest in the above-captioned case, by and through undersigned counsel, and objects to confirmation of the Debtor's proposed Chapter 11 Plan. In support of this Objection, Ms. Burton would show the Court:

1. Ms. Burton is an unsecured creditor of LG Ornamentals, LLC (the "Debtor"). Ms. Burton has filed a Proof of Claim in the amount of $3,000,000.00. [Claim 8].

2. Ms. Burton further opposes the plan as both the petition and the plan have been filed in bad faith. Debtor has undervalued assets, proposes to underpay creditors, and is attempting to seek shelter from valid, reprehensible tort claims.

3. Ms. Burton provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed within thirty (30) days by Ms. Burton against Debtor for numerous claims, including unlawful interception, intrusion upon seclusion, appropriation of name or likeness, and defamation.

4. Creditor Milessa Thomas ("Ms. Thomas") also provided notice to Debtor on or about July 24, 2020, of a lawsuit that would be filed imminently by Ms. Thomas against Debtor for numerous claims, including sexual harassment, retaliation, and intentional infliction of emotional distress.

1

6. These collective civil claims arise from the intentional actions of the Debtor's owner, James Livingston. Mr. Livingston has a long history of unwanted sexual advances and sexual harassment of female employees employed by Debtor.

6. Simply put, Debtor has filed this bankruptcy petition to act as a shield to prevent Ms. Burton and other victims from filing a lawsuit for Livingston's willful and malicious conduct.

7. Under the terms of the Plan, the Debtor proposes to pay $6,000.00 to General Unsecured Claims, far less than the amount required to satisfy the claim of Ms. Burton.

8. Ms. Burton also objects to the Plan because it does not comply with the "best interests of creditors" test contained in 11 U.S.C. § 1129(a)(7). Ms. Burton will not receive, under the Plan property of a value that is not less than the amount she would so receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan. Ms. Burton asserts that the Debtor has substantially undervalued the liquidation value of certain property of the estate.

9. Ms. Burton also objects to the Plan on the grounds that it does not meet the requirement of 11 U.S.C. § 1129(a)(11) that confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

**WHEREFORE**, based on the foregoing, Ms. Burton objects to the confirmation of the Debtor's proposed Chapter 11 Plan and asserts that the Chapter 11 case should be dismissed or converted to a case under Chapter 7.

Respectfully submitted,

/s/ Gregory R. Atwood
Gregory R. Atwood (#024296)
Atwood & McVay LLP
6953 Charlotte Pk. Suite 401
Nashville, Tennessee 37299
gregatwoodlaw@gmail.com
*Counsel for Cassie Burton*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed and served via the Court's electronic case filing and noticing system on the following:

Steve Lefkovitz, Esq.
Lefkovitz and Lefkovitz, PLLC
618 Church St., Ste. 410
Nashville, TN 37219
slefkovitz@lefkovitz.com
*Counsel for LG Ornamentals, LLC*

Jeffrey S. Grasl, Esq.
Department of Justice Office of United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203
Jeffrey.s.grasl@usdoj.gov
*Counsel for United States Trustee*

And all parties registered to receive electronic notices in this matter

this the 20th day of September 2021.

/s/ Gregory R. Atwood
Gregory R. Atwood
